IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ERIC MACK, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-487-WKW |
| | ) | [WO] |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

On August 8, 2018, the Magistrate Judge filed a Recommendation (Doc. # 18) that Petitioner's 28 U.S.C. § 2255 motion be denied with prejudice. On September 21, 2018, Petitioner Eric Mack filed timely objections. (Doc. # 26.) Based upon an independent and *de novo* review of those portions of the Recommendation to which objection is made *see* 28 U.S.C. § 636(b), the court finds that the objections are due to be overruled and the Recommendation is due to be adopted.

**I. DISCUSSION**

Petitioner Mack objects to the Magistrate Judge's evaluation that Petitioner's predicate offense of aiding and abetting a Hobbs Act robbery is categorically a crime of violence that subjects him to the mandatory minimum sentence imposed by 18 U.S.C. § 924(c)'s enhanced penalty provisions.

In relevant part, § 924(c)(1)(A) provides that "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm," shall be sentenced to not less than seven years' imprisonment if the firearm was "brandished." 18 U.S.C. § 924(c)(1)(A)(ii).

18 U.S.C. § 924(c)(3) defines the "crime of violence" element of § 924(c)(1)(A) as a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Petitioner, however, argues that his § 924(c)(1)(A) conviction must be vacated because (1) his predicate conviction of aiding and abetting a Hobbs Act robbery is not categorically a crime of violence under § 924(c)(3)(A); and (2) § 924(c)(3)(B) is unconstitutionally vague.[1] As explained below, the Eleventh Circuit has determined that aiding and abetting a Hobbs Act robbery is a crime of violence under § 924(c)(3)(A)'s elements clause, and the Eleventh Circuit recently reaffirmed the continuing validity of those decisions.

---

[1] After Petitioner filed his objections, the Eleventh Circuit held that the residual clause in § 924(c)(3)(B) is not unconstitutionally void for vagueness, but that crimes that fall under that category must be evaluated on a conduct-based approach. *Ovalles v. United States*, 905 F.3d 1300, 1304 (11th Cir. 2018). That decision, however, does not impact this case because Petitioner's predicate offense qualifies as a crime of violence under § 924(c)(3)(A).

### A. Binding Eleventh Circuit precedent has established that aiding and abetting a Hobbs Act robbery is categorically a crime of violence.

The Magistrate Judge determined that Eleventh Circuit precedent established that aiding and abetting a Hobbs Act robbery — Petitioner's predicate offense — is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause. *See In re Saint Fleur*, 824 F.3d 1337, 1340–41 (11th Cir. 2016) (holding that Hobbs Act robbery is categorically a crime of violence under § 924(c)(3)(A)'s use-of-force clause); *In re Colon*, 826 F.3d 1301, 1305 (11th Cir. 2016) (holding that aiding and abetting Hobbs Act robbery is a crime of violence under § 924(c)(3)(A) because a substantive conviction of Hobbs Act robbery is a crime of violence). Accordingly, the Magistrate Judge concluded that Petitioner's conviction and sentence were valid under § 924(c)(3)(A)'s elements clause.

While Petitioner acknowledges the holdings in *Saint Fleur* and *Colon*, he argues those decisions are not applicable to his initial § 2255 motion because they addressed an application for leave to file a successive § 2255 motion. Petitioner maintains that *Saint Fleur* and *Colon* should "not apply outside of the specific context in which they arose, because they involve circumstances that are legally and factually distinguishable from a case involving an initial § 2255 petition." (Doc. # 26, at 15.) Plaintiff observes that three judges of the Eleventh Circuit, in a specially concurring opinion, criticized these decisions as "typically decided on emergency thirty-day basis, with under 100 words of argument (often written by a pro se

3

prisoner), and without any adversarial testing whatsoever, and without any available avenue of review." *In re Williams*, 898 F.3d 1098, 1101 (11th Cir. 2018) (Wilson, J., specially concurring). The panel expressed dismay that decisions on leave to file successive § 2255 petitions bind future courts, stating "this court should not have adopted [such a holding]. But, unfortunately, we have." *Id*. Accordingly, Petitioner claims that the Eleventh Circuit has cast doubt on the continuing validity of the holding that cases such as *Colon* and *Saint Fleur*, should bind courts deciding an initial § 2255 petition. (Doc. # 26, at 16–17.)

After Petitioner filed his objections, the Eleventh Circuit rejected the argument that *Saint Fleur* and *Colon* are not applicable outside of decisions on applications for leave to file successive § 2255 motions, stating that "this Court has already held that 'our prior-panel-precedent rule applies with equal force as to prior panel decisions published in the context of applications to file second or successive petitions.'" *United States v. St. Hubert*, 909 F.3d 335, 345 (11th Cir. 2018) (quoting *In re Lambrix*, 776 F.3d 789, 794 (11th Cir. 2015)). The court explained that the "law established in published three-judge orders issued . . . in the context of applications for leave to file second or successive § 2255 motions is binding precedent on <u>all</u> subsequent panels of the court, including those reviewing direct appeals and collateral attacks." *Id*. at 346. Accordingly, this court is compelled, based on binding precedent, to reject Petitioner's argument that the *St. Fleur* and

4

*Colon* holdings that determined that aiding and abetting a Hobbs Act robbery is a crime of violence should not apply to the instant case.[2]

## II. CONCLUSION

Based on the foregoing, it is ORDERED as follows:

1. Petitioner's objection (Doc. # 26) is OVERRULED.

2. The Recommendation (Doc. # 18) is ADOPTED.

3. This action is DISMISSED with prejudice.

Final judgment will be entered separately.

DONE this 14th day of January, 2019.

                                          /s/ W. Keith Watkins
                              CHIEF UNITED STATES DISTRICT JUDGE

---

[2] Because binding Eleventh Circuit precedent establishes that Petitioner's predicate robbery offense qualifies as a "crime of violence" under the elements clause of § 924(c)(1)(A), the court need not address Petitioner's argument regarding § 924(c)(1)(B).